IN THE SUPERIOR COURT OF HABERSHAM COUNTY
STATE OF GEORGIA

HABERSHAM COUNTY
SUPERIOR COURT

2014 FEB 23  PM 4: 45

Book Page Recorded
David C. Wall

SCARFF BROTHERS, INC., a
corporation,

     Plaintiff,

vs.

BULLSEYE DISPATCH, INC., an
Illinois corporation,

     and

ALEX WILKSERON d/b/a
Wilkerson Transport,

     Defendants.

CIVIL ACTION

Case No. _14 cv 126 RS_

---

### COMPLAINT FOR DAMAGES

COMES NOW Plaintiff, by and through counsel, and states the following as its Complaint for Damages:

### JURISDICTION AND VENUE

1.

Plaintiff, Scarff Brothers, Inc. (hereinafter referred to as "Plaintiff") is a corporation with its principal place of business located at 1522 West Main Street, Ephrata, Pennsylvania, 17522.

2.

Defendant, Alex Wilkerson d/b/a Wilkerson Transport, (hereinafter referred to as "Wilkerson") is a resident of Texas and may be served at 1605 Farm to Market Road, Muleshoe, Bailey County, Texas 79347.


EXHIBIT
A

3.

Defendant, Bullseye Dispatch, Inc., (hereinafter referred to as "Bullseye") is an Illinois corporation with its principal place of business located at 1298 North Bush Avenue, Kankakee, Kankakee County, Illinois 60901 and may be served through its agent for service of process, J. Dennis Marek 1 Dearborn Square, Suite 400, Kankakee, Illinois 60901.

4.

Jurisdiction and Venue are proper in the Superior Court of Habersham County, Georgia in accordance with O.C.G.A. § 9-10-91, as well as other provisions of the Georgia State Constitution, and the Official Code of Georgia.

## FACTS

5.

On or about June 28, 2013, Plaintiff entered into a contract with Defendant Bullseye for the purposes of providing transportation of cattle from Guymon, Oklahoma to Clarksville, Habersham County, Georgia.

6.

As a consequence, Bullseye retained Defendant Wilkerson to pick up the cattle in Guymon, Oklahoma and to deliver them to Clarksville, Habersham County, Georgia.

7.

Defendant Wilkerson picked up the load of cattle and departed Guymon, Oklahoma at approximately 2:30 p.m. on Friday, June 28, 2013.

8.

The cattle were not delivered to Clarksville, Habersham County, Georgia until 5:30 a.m. on Sunday, June 30, 2013.

9.

During transportation of the cattle, they were confined in a trailer and/or vehicle in which they did not have proper food, water, space, or an opportunity for rest.

10.

As a consequence of the cattle not receiving proper feeding, watering, or rest during their transportation, several head were dead upon arrival in Clarksville, Habersham County, Georgia and several other head died subsequent to their delivery.

11.

As a consequence of the cattle not receiving proper feeding, watering, and rest during their transportation, Plaintiff has incurred veterinary expenses, as well as other sundry expenses.

12.

As a consequence of the cattle not receiving proper feeding, watering, and rest during their transportation, they were in such poor condition that they were unmarketable for an extensive period of time, which led to additional costs to the Plaintiff for their care. As of the date of the filing of this complaint, these additional expenses are incurred daily for their care which constitutes ongoing damages.

13.

Plaintiff originally purchased the cattle in question for the sum of $203,798.45. As a direct and proximate result of the cattle not receiving proper feeding, water and rest during transportation, Plaintiff has incurred veterinary expenses and additional costs totaling $36,179.31.

## COUNT I

### NEGLIGENCE *PER SE* AGAINST WILKERSON

#### 14.

Plaintiff re-alleges the allegations contained in Paragraphs 1-13 above and incorporates the same herein by reference.

#### 15.

Wilkerson is a common carrier in that he offers services to the public to transport goods from one point to another for a fee.

#### 16.

49 USCS § 80502 provides in pertinent part that, "a common carrier may not confine animals in a vehicle for more than 28 consecutive hours without unloading the animals for feeding, water, and rest."

#### 17.

Defendant Wilkerson failed to comply with the provisions of 49 USCS § 80502 and is thereby guilty of negligence *per se* in causing death to cattle owned by Plaintiff, as well as causing Plaintiff damages for veterinary expenses and additional expenses described herein, all of which damages exceed the sum of $240,000.00 and are ongoing in nature.

## COUNT II

### BREACH OF CONTRACT BY WILKERSON

#### 18.

Plaintiff re-alleges the allegations contained in Paragraphs 1-17 above and incorporates the same herein by reference.

19.

Plaintiff entered into a contract with Defendant Wilkerson to transport the cattle in question from Guymon, Oklahoma to Clarksville, Habersham County, Georgia in a commercially reasonable and safe manner.

20.

Defendant Wilkerson breached this contract by failing to transport the cattle in question in a commercially reasonable and safe manner.

21.

As a direct and proximate result of the breach of the contract by Defendant Wilkerson, the Plaintiff has been damaged by the death of cattle owned by Plaintiff, as well as veterinary expenses and additional expenses described herein, all of which damages exceed the sum of $240,000.00 and are ongoing in nature.

## COUNT III

### Liability of Wilkerson as Common Carrier

22.

Plaintiff re-alleges the allegations contained in Paragraphs 1-21 above and incorporates the same herein by reference.

23.

Defendant Wilkerson is a common carrier and, as such, he has a duty to use extraordinary diligence in transporting goods from one location to another.

24.

Defendant Wilkerson failed to use extraordinary diligence in transporting the cattle in question since he failed to provide proper rest, water, or food for the cattle during their transportation.

25.

As a result of the breach of the duty of care that Wilkerson owed as a common carrier, the Plaintiff has been damaged by the death of cattle owned by Plaintiff, as well as veterinary expenses and additional expenses described herein, all of which damages exceed the sum of $240,000.00 and are ongoing in nature.

## COUNT IV

### NEGLIGENCE OF DEFENDANT WILKERSON

26.

Plaintiff re-alleges the allegations contained in Paragraphs 1-25 above and incorporates the same herein by reference.

27.

Defendant Wilkerson had a duty to use reasonable care in transporting the cattle from Guymon, Oklahoma to Clarkesville, Habersham County, Georgia.

28.

Defendant Wilkerson failed to exercise reasonable care in the transportation of the cattle.

29.

As a direct and proximate result of the breach of the duty owed by Defendant Wilkerson to Plaintiff, the Plaintiff has been damaged by the death of cattle owned by Plaintiff, as well as

veterinary expenses and additional expenses described herein, all of which damages exceed the sum of $240,000.00 and are ongoing in nature.

## COUNT V

### BREACH OF CONTRACT BY BULLSEYE

30.

Plaintiff re-alleges the allegations contained in Paragraphs 1-29 above and incorporates the same herein by reference.

31.

Plaintiff contracted with Defendant Bullseye to provide for transportation of the cattle from Guymon, Oklahoma to Clarksville, Habersham County, Georgia in a commercially reasonable and safe manner.

32.

Defendant Bullseye breached its contract with Plaintiff by failing to provide for transportation of the cattle in a commercially reasonable and safe manner.

33.

As a direct and proximate result of Defendant Bullseye's breach of its contract with Plaintiff, the Plaintiff has been damaged by the death of cattle owned by Plaintiff, as well as veterinary expenses and additional expenses described herein, all of which damages exceed the sum of $240,000.00 and are ongoing in nature.

## COUNT VI

### NEGLIGENT SUPERVISION BY BULLSEYE

34.

Plaintiff re-alleges the allegations contained in Paragraphs 1-33 above and incorporates the same herein by reference.

35.

Defendant Bullseye had a duty to supervise the transportation of the cattle in a reasonable and safe manner.

36.

Defendant Bullseye breached its duty to properly supervise Defendant Wilkerson in the transportation of the cattle.

37.

As a direct and proximate result of the breach of the duties owed by Defendant Bullseye to Plaintiff, the Plaintiff has been damaged by the death of cattle owned by Plaintiff, as well as veterinary expenses and additional expenses described herein, all of which damages exceed the sum of $240,000.00 and are ongoing in nature.

## COUNT VII

### EXPENSES OF LITIGATION PURSUANT TO O.C.G.A. § 13-6-11

38.

Plaintiff re-alleges the allegations contained in Paragraphs 1-37 above and incorporates the same herein by reference.

39.

The Defendants have acted in bad faith and have been stubbornly litigious regarding their failure to repay obligations owed as described above.

40.

The Defendants have caused Plaintiff unnecessary trouble and expense of pursuing this legal action.

41.

Plaintiff is entitled to recover reasonable attorney's fees and all legal expenses associated with the breach of contract as described above as may be proven by the evidence.

## RELIEF PRAYED FOR

WHEREFORE, Plaintiff prays for the following relief:

(a) Summons and process be issued and served upon the Defendants, together with a copy of this Complaint;

(b) All issues herein be tried by a jury;

(c) Plaintiff be awarded a joint and several judgment against the Defendants for all damages attributable to the Defendants' breach of contract and/or breach of other duties owed;

(d) Plaintiff be awarded a joint and several judgment against the Defendants for reasonable attorney's fees and expenses associated with the prosecution of this action;

(e) All costs, fees, interests, and expenses be taxed to Defendants; and

(f) Plaintiff be awarded all other and further relief as this Honorable Court may deem appropriate.

Respectfully submitted this 26th day of February, 2014.

COLEMAN TALLEY LLP

*Eric A. Collins*

_____
MARK A. GILBERT
Georgia Bar No. 293797
ERIC A. COLLINS
Georgia Bar No. 107542
*Attorneys for Plaintiff*

910 North Patterson Street
Valdosta, Georgia  31601
(229) 242-7562
(229) 333-0885 *facsimile*
eric.collins@colemantalley.com

*4-21*



## Kankakee County Sheriff's Office
### Civil Process Affidavit

CP # 2014-00000788          Case # 14CV126RS

**Process Type:**

|  | Summons | ☒ | Order | ☐ |
|--|---------|---|-------|---|
|  | Court Order | ☐ | Rules | ☐ |
|  | Citation | ☐ | Notice | ☐ |
|  | Subpoena | ☐ | Other | ☐ |

*Plaintiff:*

Scarff Brothers, Inc, a Pennsylvania corporation

*Defendant:*

Bullseye Dispatch, Inc/J.Dennis Marek, RA

Court of Origin:   Other-Co

---

I certify that I have served this process on the defendant as follows:

☒ Personal Service

☐ Substitute Service: By leaving a copy of the court document at the defendant's usual place of abode, with some person of the family, of the age of 13 years or upwards, who is the defendant's _____ (relationship), and informing that person of the contents thereof, and by sending a copy of the process in a sealed envelope addresses to the defendant at his/her usual place on _____ (date).

☐ Corporation Service:   Name: _____

☐ Posted         Title: _____
(agent, authorized person or partner of said corporation)

Bullseye Dispatch, Inc/J.Dennis Marek, RA
*Name of Defendant*

Sex *M*   Race *W*   DOB *UNK*

1 DEARBORN SQ Suite 400
*Address of Defendant*

Kankakee IL 60901
*City/State*

*450 E. COURT*
*Address of Service*

*KANKAKEE, IL*
*City/State*

Timothy F. Bukowski, *Sheriff, By:* _____
*Deputy's Signature*

*D. FRITCHER*
*Deputy's Printed Name*

☒ Served

☐ Returned Not Served   *9* day of *APRIL*, 20 *14* at *1315*   *41081*
*Deputy Badge #*

| Moved | ☐ | Wrong Address | ☐ | Service Attempts: | | | | |
|-------|---|---------------|---|-------------------|--|--|--|--|
| No Contact | ☐ | No Such Address | ☐ | Date *4/4* Time *906* Deputy: *x50* *out of twn* | | Date | Time | Deputy: |
| Empty Lot | ☐ | Returned Per Atty | ☐ | *4/5*  *1032*  *X58* | | | | |
| No Apt # | ☐ | Paper Expired | ☐ | | | | | |
| Deceased | ☐ | Other Note Below | ☐ | | | | | |

Officer's Comments: _____

## IN THE SUPERIOR COURT OF HABERSHAM COUNTY
## STATE OF GEORGIA

SCARFF BROTHERS, INC., a
Pennsylvania corporation,

     Plaintiff,

vs.

BULLSEYE DISPATCH, INC., an
Illinois corporation,

and

 ALEX WILKSERON d/b/a
Wilkerson Transport,

     Defendants.

CIVIL ACTION

Case No. 14CV126RS

---

### SUMMONS

TO:   Bullseye Dispatch, Inc.
      J. Dennis Marek, Registered Agent
      1 Dearborn Square,
      Suite 400
      Kankakee, IL  60901

     You are hereby summoned and required to file with the Clerk of said Court and serve upon

ERIC A. COLLINS, Plaintiff's attorney, whose address is COLEMAN TALLEY LLP, 910 N

Patterson Street, Valdosta, GA  31601, an answer to the complaint which is hereby served upon you,

within thirty (30) days after service of this summons upon you, exclusive of the day of service.  If

you fail to do so, judgment by default will be taken against you for the relief demanded in the

complaint.

     This _21_ day of March, 2014.

                    HABERSHAM COUNTY SUPERIOR COURT

                    By: _____
                       Clerk of Court



# Civil Paper Payment Receipt

| | | | | |
|---|---|---|---|---|
| **Print Date/Time:** | 04/02/2014 12:09 | | Kankakee County Sheriff's Office | |
| **Login ID:** | kvanallen | | ORI Number: | IL0460000 |
| **Paper Number:** | 2014-00000788 | | Receipt Number: | 5691 |

| Payment Date/Time | Amount Paid | Check Number | Recorded By | Paid By |
|---|---|---|---|---|
| 04/02/2014 12:08 | $21.00 | 66134 | KVanAllen | Coleman/Talley, Valdosta, GA |

**Comments:**

Thank you



## IN THE SUPERIOR COURT OF HABERSHAM COUNTY
## STATE OF GEORGIA

SCARFF BROTHERS, INC., a
Pennsylvania corporation ,

     Plaintiff,

vs.

BULLSEYE DISPATCH, INC., an Illinois
corporation;

     and

ALEX WILKERSON d/b/a WILKERSON
TRANSPORT,

     and

NATIONAL CASUALTY COMPANY,
a corporation

     Defendants.

CIVIL ACTION

Case No. 14CV126RS

---

### SUMMONS

TO:   National Casualty Company
      ATTN: Linda Banks
      2180 Satellite Blvd., Suite 400
      Duluth, Georgia 30097

You are hereby summoned and required to file with the Clerk of said Court and serve

upon ERIC A. COLLINS, Plaintiff's attorney, whose address is COLEMAN TALLEY LLP, 910

North Patterson Street, Valdosta, Georgia 31601, an answer to the amended complaint which is

hereby served upon you, within thirty (30) days after service of this summons upon you,

exclusive of the day of service.  If you fail to do so, judgment by default will be taken against

you for the relief demanded in the amended complaint.

This __7th__ day of May, 2014.

*[Signature on following page]*

[1086658/1]

HABERSHAM COUNTY SUPERIOR
COURT

By: _David CWall(aw)_____
    Clerk of Court



IN THE SUPERIOR COURT OF HABERSHAM COUNTY
STATE OF GEORGIA

| | |
|---|---|
| SCARFF BROTHERS, INC., a<br>corporation,<br><br>    Plaintiff,<br><br>vs.<br><br>BULLSEYE DISPATCH, INC., an<br>Illinois corporation,<br><br>    and<br><br>ALEX WILKSERON d/b/a<br>Wilkerson Transport,<br><br>    and<br><br>NATIONAL CASUALTY COMPANY,<br>a corporation,<br><br>    Defendants. | CIVIL ACTION<br><br>Case No. 14CV126RS |

## AMENDED COMPLAINT FOR DAMAGES

COMES NOW Plaintiff, by and through counsel, and states the following as its Complaint for Damages:

### JURISDICTION AND VENUE

1.

Plaintiff, Scarff Brothers, Inc. (hereinafter referred to as "Plaintiff") is a corporation with its principal place of business located at 1522 West Main Street, Ephrata, Pennsylvania, 17522.

2.

Defendant, Alex Wilkerson d/b/a Wilkerson Transport, (hereinafter referred to as "Wilkerson") is a resident of Texas and may be served at 1605 Farm to Market Road, Muleshoe, Bailey County, Texas 79347.

3.

Defendant, Bullseye Dispatch, Inc., (hereinafter referred to as "Bullseye") is an Illinois corporation with its principal place of business located at 1298 North Bush Avenue, Kankakee, Kankakee County, Illinois 60901 and may be served through its agent for service of process, J. Dennis Marek 1 Dearborn Square, Suite 400, Kankakee, Illinois 60901.

4.

Defendant National Casualty Company (hereinafter referred to as "National Casualty") is a corporation authorized to do business in the State of Georgia and has its principal office located at 8877 Gainey Center Drive, Scottsdale, Arizona 85258.

5.

Defendant National Casualty may be served through its agent for service of process, Linda Banks, 2180 Satellite Blvd., Suite 400, Duluth, Georgia 30097.

6.

Jurisdiction and Venue are proper in the Superior Court of Habersham County, Georgia in accordance with O.C.G.A. § 9-10-91, as well as other provisions of the Georgia State Constitution, and the Official Code of Georgia.

## FACTS

7.

On or about June 28, 2013, Plaintiff entered into a contract with Defendant Bullseye for the purposes of providing transportation of cattle from Guymon, Oklahoma to Clarksville, Habersham County, Georgia.

8.

As a consequence, Bullseye retained Defendant Wilkerson to pick up the cattle in Guymon, Oklahoma and to deliver them to Clarksville, Habersham County, Georgia.

9.

Defendant Wilkerson picked up the load of cattle and departed Guymon, Oklahoma at approximately 2:30 p.m. on Friday, June 28, 2013.

10.

The cattle were not delivered to Clarksville, Habersham County, Georgia until 5:30 a.m. on Sunday, June 30, 2013.

11.

During transportation of the cattle, they were confined in a trailer and/or vehicle in which they did not have proper food, water, space, or an opportunity for rest.

12.

As a consequence of the cattle not receiving proper feeding, watering, or rest during their transportation, several head were dead upon arrival in Clarksville, Habersham County, Georgia and several other head died subsequent to their delivery.

[1080920/1]

3

13.

As a consequence of the cattle not receiving proper feeding, watering, and rest during their transportation, Plaintiff has incurred veterinary expenses, as well as other sundry expenses.

14.

As a consequence of the cattle not receiving proper feeding, watering, and rest during their transportation, they were in such poor condition that they were unmarketable for an extensive period of time, which led to additional costs to the Plaintiff for their care. As of the date of the filing of this complaint, these additional expenses are incurred daily for their care which constitutes ongoing damages.

15.

Plaintiff originally purchased the cattle in question for the sum of $203,798.45. As a direct and proximate result of the cattle not receiving proper feeding, water and rest during transportation, Plaintiff has incurred veterinary expenses and additional costs totaling $36,179.31.

## COUNT I

### NEGLIGENCE *PER SE* AGAINST WILKERSON

16.

Plaintiff re-alleges the allegations contained in Paragraphs 1-15 above and incorporates the same herein by reference.

17.

Wilkerson is a common carrier in that he offers services to the public to transport goods from one point to another for a fee.

[1080920/1]

4

18.

49 USCS § 80502 provides in pertinent part that, "a common carrier may not confine animals in a vehicle for more than 28 consecutive hours without unloading the animals for feeding, water, and rest."

19.

Defendant Wilkerson failed to comply with the provisions of 49 USCS § 80502 and is thereby guilty of negligence *per se* in causing death to cattle owned by Plaintiff, as well as causing Plaintiff damages for veterinary expenses and additional expenses described herein, all of which damages exceed the sum of $240,000.00 and are ongoing in nature.

## COUNT II

### BREACH OF CONTRACT BY WILKERSON

20.

Plaintiff re-alleges the allegations contained in Paragraphs 1-19 above and incorporates the same herein by reference.

21.

Plaintiff entered into a contract with Defendant Wilkerson to transport the cattle in question from Guymon, Oklahoma to Clarksville, Habersham County, Georgia in a commercially reasonable and safe manner.

22.

Defendant Wilkerson breached this contract by failing to transport the cattle in question in a commercially reasonable and safe manner.

23.

As a direct and proximate result of the breach of the contract by Defendant Wilkerson, the Plaintiff has been damaged by the death of cattle owned by Plaintiff, as well as veterinary expenses and additional expenses described herein, all of which damages exceed the sum of $240,000.00 and are ongoing in nature.

## COUNT III

### Liability of Wilkerson as Common Carrier

24.

Plaintiff re-alleges the allegations contained in Paragraphs 1-23 above and incorporates the same herein by reference.

25.

Defendant Wilkerson is a common carrier and, as such, he has a duty to use extraordinary diligence in transporting goods from one location to another.

26.

Defendant Wilkerson failed to use extraordinary diligence in transporting the cattle in question since he failed to provide proper rest, water, or food for the cattle during their transportation.

27.

As a result of the breach of the duty of care that Wilkerson owed as a common carrier, the Plaintiff has been damaged by the death of cattle owned by Plaintiff, as well as veterinary expenses and additional expenses described herein, all of which damages exceed the sum of $240,000.00 and are ongoing in nature.

## COUNT IV

### NEGLIGENCE OF DEFENDANT WILKERSON

28.

Plaintiff re-alleges the allegations contained in Paragraphs 1-27 above and incorporates the same herein by reference.

29.

Defendant Wilkerson had a duty to use reasonable care in transporting the cattle from Guymon, Oklahoma to Clarkesville, Habersham County, Georgia.

30.

Defendant Wilkerson failed to exercise reasonable care in the transportation of the cattle.

31.

As a direct and proximate result of the breach of the duty owed by Defendant Wilkerson to Plaintiff, the Plaintiff has been damaged by the death of cattle owned by Plaintiff, as well as veterinary expenses and additional expenses described herein, all of which damages exceed the sum of $240,000.00 and are ongoing in nature.

## COUNT V

### BREACH OF CONTRACT BY BULLSEYE

32.

Plaintiff re-alleges the allegations contained in Paragraphs 1-31 above and incorporates the same herein by reference.

33.

Plaintiff contracted with Defendant Bullseye to provide for transportation of the cattle from Guymon, Oklahoma to Clarksville, Habersham County, Georgia in a commercially reasonable and safe manner.

34.

Defendant Bullseye breached its contract with Plaintiff by failing to provide for transportation of the cattle in a commercially reasonable and safe manner.

35.

As a direct and proximate result of Defendant Bullseye's breach of its contract with Plaintiff, the Plaintiff has been damaged by the death of cattle owned by Plaintiff, as well as veterinary expenses and additional expenses described herein, all of which damages exceed the sum of $240,000.00 and are ongoing in nature.

## COUNT VI

### NEGLIGENT SUPERVISION BY BULLSEYE

36.

Plaintiff re-alleges the allegations contained in Paragraphs 1-35 above and incorporates the same herein by reference.

37.

Defendant Bullseye had a duty to supervise the transportation of the cattle in a reasonable and safe manner.

38.

Defendant Bullseye breached its duty to properly supervise Defendant Wilkerson in the transportation of the cattle.

[1080920/1]

8

39.

As a direct and proximate result of the breach of the duties owed by Defendant Bullseye to Plaintiff, the Plaintiff has been damaged by the death of cattle owned by Plaintiff, as well as veterinary expenses and additional expenses described herein, all of which damages exceed the sum of $240,000.00 and are ongoing in nature.

## COUNT VII

## CLAIM AGAINST NATIONAL CASUALTY

40.

Plaintiff re-alleges the allegations contained in Paragraphs 1-39 above and incorporates the same herein by reference.

41.

At the time of the acts and omissions alleged herein, Defendant National Casualty provided indemnity and/or liability insurance to the Defendant Wilkerson as required by O.C.G.A. §46-7-12.

42.

By virtue of Defendant National Casualty providing indemnity and /or liability insurance to Defendant Wilkerson, Defendant National Casualty is liable to the Plaintiff for all damages caused by the acts and/or omissions of Defendant Wilkerson as alleged more fully herein.

43.

O.C.G.A. §46-7-12 allows the Plaintiff to name National Casualty as a party Defendant since Defendant Wilkerson if a motor common carrier or a motor contract carrier.

## EXPENSES OF LITIGATION PURSUANT TO O.C.G.A. § 13-6-11

44.

Plaintiff re-alleges the allegations contained in Paragraphs 1-43 above and incorporates the same herein by reference.

45.

The Defendants have acted in bad faith and have been stubbornly litigious regarding their failure to repay obligations owed as described above.

46.

The Defendants have caused Plaintiff unnecessary trouble and expense of pursuing this legal action.

47.

Plaintiff is entitled to recover reasonable attorney's fees and all legal expenses associated with the breach of contract as described above as may be proven by the evidence.

## RELIEF PRAYED FOR

WHEREFORE, Plaintiff prays for the following relief:

(a) Summons and process be issued and served upon the Defendants, together with a copy of this Complaint;

(b) All issues herein be tried by a jury;

(c) Plaintiff be awarded a joint and several judgment against the Defendants for all damages attributable to the Defendants' breach of contract and/or breach of other duties owed;

(d) Plaintiff be awarded a joint and several judgment against the Defendants for reasonable attorney's fees and expenses associated with the prosecution of this action;

(e) All costs, fees, interests, and expenses be taxed to Defendants; and

(f) Plaintiff be awarded all other and further relief as this Honorable Court may deem appropriate.

Respectfully submitted this $\partial$ nd day of May, 2014.

COLEMAN TALLEY LLP

*Eric A. Collins*

MARK A. GILBERT
Georgia Bar No. 293797
ERIC A. COLLINS
Georgia Bar No. 107542
*Attorneys for Plaintiff*

910 North Patterson Street
Valdosta, Georgia 31601
(229) 242-7562
(229) 333-0885 *facsimile*
eric.collins@colemantalley.com

[1080920/1]

11

SHERIFF'S ENTRY OF SERVICE     REORDER #13-1441     CLYDE CASTLEBERRY CO., COVINGTON, GA 30015

Civil Action #: __14CV126RS__

Date Filed: _____

| | |
|---|---|
| Superior Court | ☑ |
| State Court | ☐ |

Gwinnett
Georgia, ~~LOWNDES~~ COUNTY

Attorney's Address

**Eric Collins**
**910 N♣ Patterson St.**
**Valdosta, GA 31601**

Name and Address of Party to be Served.
**National Casualty Company**

**c/o Linda Banks**

**2180 Satellite Blvd., Suite 400**

**Duluth, GA 30097**

**Scarff Brothers, Inc.**
_____
_____
               Plaintiff

VS.

**Bullseye Dispatch, Alex Wilkerson, and**

**National Casualty Company**
_____
               Defendant

_____
_____
               Garnishee

## SHERIFF'S ENTRY OF SERVICE

**PERSONAL** ☐   I have this day served the defendant _____ personally with a copy of the within action and summons.

**NOTORIOUS** ☐   I have this day served the defendant _____ by leaving a copy of the action and summons at his most notorious place of abode in this County.

Delivered same into hands of _____ described as follows:

age, about _____ years; weight _____ pounds; height, about _____ feet and _____ inches, domiciled at the residence of defendant.

**CORPORATION** ☒   Served the defendant _National Casualty Company_ a corporation by leaving a copy of the within action and summons with _Linda Banks (RA)_ in charge of the office and place of doing business of said Corporation in this County.

**NON EST TACK & MAIL** ☐   I have this day served the above styled affidavit and summons on the defendant(s) by posting a copy of the same to the door of the premises designated in said affidavit, and on the same day of such posting by deposition a true copy of same in the United States Mail, First Class in an envelope properly addressed to the defendant(s) at the address shown in said summons, with adequate postage affixed thereon containing notice to the defendant(s) to answer said summons at the place stated in the summons.

☐   Diligent search made and defendant _____ not to be found in the jurisdiction of this Court.

This __ day of _May_, 20__

SHERIFF DOCKET _____ PAGE _____

                                       Deputy

WHITE – CLERK   CANARY – PLAINTIFF   PINK – DEFENDANT

 CT Corporation

**Service of Process Transmittal**
05/20/2014
CT Log Number 524985888

TO:   Carrie Troesch
      Nationwide Mutual Insurance Company
      One Nationwide Plaza, 1-30-401
      Columbus, OH 43215-2220

RE:   **Process Served in Georgia**

FOR:  National Casualty Company (Domestic State: WI)

**ENCLOSED ARE COPIES OF LEGAL PROCESS RECEIVED BY THE STATUTORY AGENT OF THE ABOVE COMPANY AS FOLLOWS:**

| | |
|---|---|
| **TITLE OF ACTION:** | Scarff Brothers, Inc., Pltf. vs. Bullseye Dispatch, Inc., etc., et al. including National Casualty Company, etc., Dfts. |
| **DOCUMENT(S) SERVED:** | Entry, Summons, Amended Complaint |
| **COURT/AGENCY:** | Habersham County Superior Court, GA<br>Case # 14CV126RS |
| **NATURE OF ACTION:** | Sheriff's Entry of Service |
| **ON WHOM PROCESS WAS SERVED:** | Corporation Process Company, Duluth, GA |
| **DATE AND HOUR OF SERVICE:** | By Process Server on 05/20/2014 at 09:20 |
| **JURISDICTION SERVED :** | Georgia |
| **APPEARANCE OR ANSWER DUE:** | Within 30 days, exclusive of the day of service |
| **ATTORNEY(S) / SENDER(S):** | Mark A. Gilbert<br>910 North Patterson Street<br>Valdosta, GA 31601<br>229-242-7562 |
| **ACTION ITEMS:** | CT has retained the current log, Retain Date: 05/20/2014, Expected Purge Date: 05/25/2014<br>Image SOP |
| **SIGNED:** | Corporation Process Company |
| **PER:** | Amy McLaren |
| **ADDRESS:** | 2180 Satellite Blvd<br>Duluth, GA 30097 |
| **TELEPHONE:** | 800-592-9023 |

Information displayed on this transmittal is for CT Corporation's record keeping purposes only and is provided to the recipient for quick reference. This information does not constitute a legal opinion as to the nature of action, the amount of damages, the answer date, or any information contained in the documents themselves. Recipient is responsible for interpreting said documents and for taking appropriate action. Signatures on certified mail receipts confirm receipt of package only, not contents.