IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF GEORGIA
GAINESVILLE DIVISION

| | | |
|---|---|---|
| SCARFF BROTHER, INC., a Pennsylvania corporation, | § § § § | |
| Plaintiff, | § § | |
| v. | § § § | |
| BULLSEYE DISPATCH, INC., an Illinois corporation, ALEX WILKSERON (sic) d/b/a Wilkerson Transport, and NATIONAL CASUALTY COMPANY, a corporation, | § § § § § § § § | Case No.:2:14 –cv-00128-WCO |
| Defendants. | § § | |

FILED IN CLERK'S OFFICE
U.S.D.C. -Gainesville

JUL 1 4 2014

JAMES N. HATTEN, Clerk
By: _____ Deputy Clerk

# DEFENDANT BULLSEYE DISPATCH, INCORPORATED'S AMENDED ANSWER, AFFIRMATIVE DEFENSES, AND COUNTERCLAIMS

**NOW COMES** Defendant Bullseye Dispatch, Incorporated (hereinafter "Defendant"), by and through its undersigned counsel, and hereby responds to the enumerated allegations of Plaintiff's Amended Complaint for Damages as follows:

1

## DEFENDANT BULLSEYE INCOPORATED'S ANSWER

**1.**

Defendant is without sufficient knowledge or information to either **admit** or **deny** the allegations set forth in paragraph one (1) of Plaintiff's Complaint, and is therefore **DENIED**.

**2.**

Defendant is without sufficient knowledge or information to either **admit** or **deny** the allegations set forth in paragraph two (2) of Plaintiff's Complaint, and is therefore **DENIED**..

**3.**

Defendant **admits** the allegations set forth in paragraph three (3) of Plaintiff's Complaint.

**4.**

Defendant is without sufficient knowledge or information to either **admit** or **deny** the allegations set forth in paragraph four (4) of Plaintiff's Complaint, and is therefore **DENIED**.

5.

Defendant is without sufficient knowledge or information to either **admit** or **deny** the allegations set forth in paragraph five (5) of Plaintiff's Complaint, and is therefore **DENIED**.

6.

Defendant **denies** the allegations set forth in paragraph six (6) of Plaintiff's Complaint.

## FACTS

7.

Defendant **denies** the allegations set forth in paragraph seven (7) of Plaintiff's Complaint.

8.

Defendant is without sufficient knowledge or information to either **admit** or **deny** the allegations set forth in paragraph seven (7) of Plaintiff's Complaint, and is therefore **DENIED**.

9.

Defendant **denies** the allegations set forth in paragraph eight (8) of Plaintiff's Complaint.

**10.**

Defendant is without sufficient knowledge or information to either **admit** or **deny** the allegations set forth in paragraph nine (9) of Plaintiff's Complaint, and is therefore **DENIED**.

**11.**

Defendant is without sufficient knowledge or information to either **admit** or **deny** the allegations set forth in paragraph eleven (11) of Plaintiff's Complaint, and is therefore **DENIED**.

**12.**

Defendant is without sufficient knowledge or information to either **admit** or **deny** the allegations set forth in paragraph twelve (12) of Plaintiff's Complaint, and is therefore **DENIED**.

**13.**

Defendant is without sufficient knowledge or information to either **admit** or **deny** the allegations set forth in paragraph thirteen (13) of Plaintiff's Complaint, and is therefore **DENIED**.

**14.**

Defendant is without sufficient knowledge or information to either **admit** or **deny** the allegations set forth in paragraph fourteen (14) of Plaintiff's Complaint, and is therefore **DENIED**.

**15.**

Defendant is without sufficient knowledge or information to either **admit** or **deny** the allegations set forth in paragraph fifteen (15) of Plaintiff's Complaint, and is therefore **DENIED**.

## COUNT I

### *Negligence Per Se Against Wilkerson*

**16.**

Defendant hereby incorporates by reference, as if fully set forth herein, its responses to the allegations contained in paragraphs one (1) through fifteen (15) of Plaintiff's Amended Complaint.

**17.**

Defendant is without sufficient knowledge or information to either **admit** or **deny** the allegations set forth in paragraph seventeen (17) of Plaintiff's Complaint, and is therefore **DENIED**.

**18.**

Defendant **admits** the allegations set forth in paragraph eighteen (18) of Plaintiff's Complaint.

**19.**

Defendant is without sufficient knowledge or information to either **admit** or **deny** the allegations set forth in paragraph nineteen (19) of Plaintiff's Complaint, and is therefore **DENIED**.

## COUNT II

### Breach of Contract By Wilkerson

**20.**

Defendant hereby incorporates by reference, as if fully set forth herein, its responses to the allegations contained in paragraphs one (1) through nineteen (19) Plaintiff's Amended Complaint.

**21.**

Defendant **admits** the allegations set forth in paragraph twenty-one (21) of Plaintiff's Complaint.

**22.**

Defendant is without sufficient knowledge or information to either **admit** or **deny** the allegations set forth in paragraph twenty-two (22) of Plaintiff's Complaint, and is therefore **DENIED**.

**23.**

Defendant is without sufficient knowledge or information to either **admit** or **deny** the allegations set forth in paragraph twenty-three (23) of Plaintiff's Complaint, and is therefore **DENIED**.

## COUNT III

### Liability of Wilkerson as Common Carrier

**24.**

Defendant hereby incorporates by reference, as if fully set forth herein, its responses to the allegations contained in paragraphs one (1) through twenty-three (23) of Plaintiff's Amended Complaint.

**25.**

Defendant is without sufficient knowledge or information to either **admit** or **deny** the allegations set forth in paragraph twenty-five (25) of Plaintiff's Complaint, and is therefore **DENIED**.

**26.**

Defendant is without sufficient knowledge or information to either **admit** or **deny** the allegations set forth in paragraph twenty-six (26) of Plaintiff's Complaint, and is therefore **DENIED**.

**27.**

Defendant is without sufficient knowledge or information to either **admit** or **deny** the allegations set forth in paragraph twenty-seven (27) of Plaintiff's Complaint, and is therefore **DENIED**.

## COUNT IV

### Negligence of Defendant Wilkerson

**28.**

Defendant hereby incorporates by reference, as if fully set forth herein, its responses to the allegations contained in paragraphs one (1) through twenty-seven (27) of Plaintiff's Amended Complaint.

**29.**

Defendant is without sufficient knowledge or information to either **admit** or **deny** the allegations set forth in paragraph twenty-nine (29) of Plaintiff's Complaint, and is therefore **DENIED**.

**30.**

Defendant is without sufficient knowledge or information to either **admit** or **deny** the allegations set forth in paragraph thirty (30) of Plaintiff's Complaint, and is therefore **DENIED**.

**31.**

Defendant is without sufficient knowledge or information to either **admit** or **deny** the allegations set forth in paragraph thirty-one (31) of Plaintiff's Complaint, and is therefore **DENIED**.

## COUNT V

### Breach of Contract by Bullseye

**32.**

Defendant hereby incorporates by reference, as if fully set forth herein, its responses to the allegations contained in paragraphs one (1) through thirty-one (31) of Plaintiff's Amended Complaint.

**33.**

Defendant **denies** the allegations set forth in paragraph thirty-three (33) of Plaintiff's Complaint.

**34.**

Defendant **denies** the allegations set forth in paragraph thirty-four (34) of Plaintiff's Complaint.

**35.**

Defendant **denies** the allegations set forth in paragraph thirty-five (35) of Plaintiff's Complaint.

## COUNT VI

### Negligent Supervision by Defendant Bullseye

**36.**

Defendant hereby incorporates by reference, as if fully set forth herein, its responses to the allegations contained in paragraphs one (1) through thirty-six (36) of Plaintiff's Amended Complaint.

**37.**

Defendant **denies** the allegations set forth in paragraph thirty-seven (37) of Plaintiff's Complaint.

**38.**

Defendant **denies** the allegations set forth in paragraph thirty-eight (38) of Plaintiff's Complaint as to the allegation of damages being a direct and proximate result of the breach of duties owed by Defendant Bullseye to Plaintiff, and also, Defendant is without sufficient knowledge or information to either **admit** or **deny** the allegations regarding the damages specified in said paragraph, and is therefore **DENIED**.

**39.**

Defendant **denies** the allegations set forth in paragraph thirty-nine (39) of Plaintiff's Complaint.

## COUNT VI

## Claims Against National Casualty

**40.**

Defendant hereby incorporates by reference, as if fully set forth herein, its responses to the allegations contained in paragraphs one (1) through thirty–nine (39) of Plaintiff's Amended Complaint. .

**41.**

Defendant is without sufficient knowledge or information to either **admit** or **deny** the allegations set forth in paragraph forty-one (41) of Plaintiff's Complaint.

**42.**

Defendant is without sufficient knowledge or information to either **admit** or **deny** the allegations set forth in paragraph forty-two (42) of Plaintiff's Complaint, and is therefore **DENIED**.

**43.**

Defendant is without sufficient knowledge or information to either **admit** or **deny** the allegations set forth in paragraph forty-three (43) of Plaintiff's Complaint, and is therefore **DENIED**.

### Expenses of Litigation Pursuant to O.C.G.A. Section 13-6-11

**44.**

Defendant hereby incorporates by reference, as if fully set forth herein, its responses to the allegations contained in paragraphs one (1) through forty-four (44) of Plaintiff's Amended Complaint.

**45.**

Defendant **denies** the allegations set forth in paragraph forty-five (45) of Plaintiff's Complaint.

**46.**

Defendant **denies** the allegations set forth in paragraph forty-six (46) of Plaintiff's Complaint.

**47.**

Defendant **denies** the allegations set forth in paragraph forty-seven (47) of Plaintiff's Complaint.

**48.**

Defendant **denies** that Plaintiff is entitled to anything requested in its Prayer for Relief.

# **DEFENDANT BULLSEYE INCOPORATED'S**

# **AFFIRMATIVE DEFENSES**

**1.**

Failure to state a claim for which relief may be granted.

**2.**

Laches.

**3.**

Unclean hands.

**4.**

Duress.

**5.**

Estoppel.

**6.**

Release.

**7.**

Failure of consideration.

**8.**

Fraud.

**9.**

Waiver.

**10.**

Accord and satisfaction.

**11.**

Comparative negligence.

**12.**

Assumption of the risk.

**13.**

Avoidance.

**14.**

Sudden emergency.

**15.**

Improper jurisdiction.

**16.**

Improper venue.

**17.**

Statute of frauds.

**18.**

Last clear chance.

**19.**

Plaintiff is not the real party in interest, and Plaintiff has failed to name a necessary/indispensable party in this action.

**20.**

Intervening event.

**21.**

Superseding event.

**22.**

Failure to mitigate damages.

**23.**

Mistake

**24.**

Enforcement of a nonexistent contract would violate public policy.

**25.**

Illegality.

**26.**

Impossibility.

**27.**

To the extent that the Carrack Amendment, 14 U.S.C. 14707, *et seq.,* applies, Plaintiff's state and common law claims, including, but not limited

to, claims for negligence, breach of contract, attorney's fees pursuant to O.C.G.A Section 13-6-11, against Defendant Bullseye are preempted and dismissed.

**28.**

To the extent Defendant Bullseye were found to have any liability, supposed liability should be limited to the amount apportioned to said Defendant by the jury.

**29.**

Georgia's direct action statue is not applicable to Defendant for the cargo loss at issue in Plaintiff's Amended Complaint and, on account thereof, Defendant is not a proper party to this action.

**30.**

Lack of proximate cause by Defendant.

**31.**

Any allegation in Plaintiff's Amended Complaint, which is not specifically responded to, is hereby **denied.**

**32.**

Contributory negligence.

## DEFENDANT BULLSEYE INCOPORATED'S COUNTERCLAIM

**1.**

Defendant contends that Plaintiff has knowingly, willfully, and maliciously filed a false complaint. Such complaint is intended for the purpose of harassing Defendant and has no basis in fact and/or law. Said filing has caused the defendant to suffer severe damages to his reputation, and his economic well being by having to defend the action.

**2.**

Defendant reserves the right to amend this Answer, Affirmative Defenses, and/or Counterclaim at any time prescribed under Georgia law.

**WHEREFORE**, Respondent prays:

a. That Plaintiff's Complaint be dismissed;

b. Defendant received a trial by jury;

c. Defendant be awarded damages on its counterclaim which are to be decided upon by a fair and impartial jury;

d. That Defendant be awarded reasonable attorney's fees, as well as all costs of litigation and

e. Any other relief the Court deems reasonable, just, and appropriate under the given factual circumstances.

Respectfully submitted,

/S/ N. Jason Thompson
N. Jason Thompson
Ga. Bar Number: 660911
Attorney for Defendant

*TTLAF*
*N. Jason Thompson*
*P.O. Box 1222*
*Gainesville, GA 30503*
*Office Phone: 770-569-3872*
*noahjthompson@gmail.com*

**THIS IS TO HEREBY CERTIFY** that, pursuant to Local Rule 5.1, N.D.Ga., the above document was prepared in Times New Roman, 14 Point.

IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF GEORGIA
GAINESVILLE DIVISION

| | |
|---|---|
| SCARFF BROTHER, INC., a Pennsylvania corporation,<br><br>Plaintiff,<br><br>v.<br><br>BULLSEYE DISPATCH, INC., an Illinois corporation, ALEX WILKSERON (sic) d/b/a Wilkerson Transport, and NATIONAL CASUALTY COMPANY, a corporation,<br><br>Defendants. | Case No.:2:14 –cv-00128-WCO |

## DEFENDANT BULLSEYE DISPATCH, INCORPORATED'S AMENDED ANSWER, AFFIRMATIVE DEFENSES, AND COUNTERCLAIMS

I hereby certify that on this day, July 13, 2014, I mailed Defendant's Amended Answer, Affirmative Defenses, and Counterclaims to Plaintiff's Amended Complaint to the following attorneys of record:

Mark Gilbert
Eric Collins
Coleman Talley, LLP
910 North Patterson Street
Valdosta, GA 31601

19

Scott McMickle
Scott Zottneck
McMickle, Kurey & Branch, LLP
200 South Main Street
Alpharetta, GA 30009

                                    **/S/ N. Jason Thompson**
                                    N. Jason Thompson
                                    Ga. Bar Number: 660911
*TTLAF*                             Attorney for Defendant
*N. Jason Thompson*
*P.O. Box 1222*
*Gainesville, GA 30503*
*Office Phone: 770-569-3872*
*noahjthompson@gmail.com*

**THIS IS TO HEREBY CERTIFY** that, pursuant to Local Rule 5.1, N.D.Ga., the above document was prepared in Times New Roman, 14 Point.